Submitted on record and briefs December 2, 2005, reversed and remanded for
reconsideration August 30, 2006

In the Matter of the Compensation of
Adrienne L. Dombrosky, Claimant.

RED ROBIN INTERNATIONAL,
*Petitioner,*

*v.*

Adrienne L. DOMBROSKY,
*Respondent.*

04-06021; A128955

142 P3d 493

Deborah L. Sather, Rebecca A. Watkins, and Sather,
Byerly & Holloway filed the briefs for petitioner.

Adrienne L. Dombrosky filed the brief *pro se.*

Before Haselton, Presiding Judge, and Armstrong and
Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Employer seeks review of an order of the Workers' Compensation Board, contending that the board erred in assessing a penalty under ORS 656.268(5)(d) and erred in concluding that the penalty should be based on the amount of compensation awarded in the notice of closure. We conclude that the board erred and reverse and remand for reconsideration.

The pertinent facts are undisputed. Claimant requested closure of her workers' compensation claim on July 29, 2004, and employer received her request on August 2, 2004. Employer did not issue a notice of closure or notice of refusal to close the claim within 10 days of claimant's request, as required by ORS 656.268(5)(b):

> "If the insurer or self-insured employer has not issued a notice of closure, the worker may request closure. Within 10 days of receipt of a written request from the worker, the insurer or self-insured employer shall issue a notice of closure if the requirements of this section have been met or a notice of refusal to close if the requirements of this section have not been met."

Employer responded to claimant's request for closure by a letter dated August 18, 2004, explaining that the claim was being reviewed for "some inconsistencies" and that an independent medical evaluation would be required to close the claim. Claimant requested a hearing, seeking the assessment of a penalty under ORS 656.268(5)(d), which provides:

> "If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

By the time of the hearing, employer had issued an updated notice of acceptance and a notice of claim closure. Claimant did not challenge the notice of closure. The only issue raised

by claimant at the hearing was her entitlement to a penalty under ORS 656.268(5)(d), based on an alleged unreasonable failure to close the claim within 10 days of her request for closure.[1] Employer defended its action by explaining that its failure to close the claim in response to claimant's request was not unreasonable, because, at the time of claimant's request, the claim was not yet ready for closure.

The administrative law judge (ALJ) rejected employer's argument, noting that employer had not offered an explanation for its failure to timely issue a notice of refusal to close the claim. Citing the board's order in *Daniel S. Murray*, 56 Van Natta 3389 (2004), the ALJ reasoned that, when presented with a request for closure under ORS 656.268(5)(b), an employer must either close the claim or issue a notice of refusal to close the claim, and that inaction on the part of an employer results in the assessment of a penalty. The ALJ determined that employer's "failure to strictly comply" with ORS 656.268(5)(b) was unreasonable and justified the assessment of a penalty under ORS 656.268(5)(d). The ALJ determined that the penalty should be based on the amount of the award due and not yet paid at the time that the hearing record closed.

Claimant appealed the ALJ's order to the board, asserting that the penalty should be based on the entire

---

[1] In *French-Davis v. Grand Central Bowl*, 186 Or App 280, 284-85, 62 P3d 865 (2003), we said that an employer's failure to respond to a request for claim closure within 10 days, as required by ORS 656.268(5)(b), is a *failure to process* the claim. We note that ORS 656.262(11)(a) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. The fees assessed by the director, an Administrative Law Judge, the board or the court under this section shall be proportionate to the benefit to the injured worker. The board shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case. An attorney fee awarded pursuant to this subsection may not exceed $2,000 absent a showing of extraordinary circumstances. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection. The director's action and review thereof shall be subject to ORS chapter 183 and such other procedural rules as the director may prescribe."

award that was made in the notice of closure. Employer cross-appealed, asserting that its conduct had not been unreasonable and did not give rise to a penalty. The board affirmed without discussion the ALJ's determination that claimant is entitled to a penalty under ORS 656.268(5)(d). Relying on its orders in *Indalecio Gonzalez*, 54 Van Natta 1164 (2002), and *Richard W. Gallagher*, 56 Van Natta 3290 (2004), the board accepted claimant's view that "compensation determined to be then due" for purposes of the penalty assessed under ORS 656.268(5)(d) is the amount due at the time of the notice of closure, rejecting employer's argument that the amount "then due" refers to the amount due at the time of the hearing. Employer seeks review of the board's order, challenging both the determination that its conduct was unreasonable and the determination that the penalty must be based on the total amount of the award in the notice of closure, rather than the amount due at the time of the hearing.

When employer received claimant's request for a notice of closure, it had a duty under ORS 656.268(5)(b) to "issue a notice of closure if the requirements of this section have been met or a notice of refusal to close if the requirements of this section have not been met." It is clear that it failed to do that.

The question presented by this case is whether employer's "affirmative inaction"[2] in failing timely to respond to claimant's request for notice of closure by issuing either a notice of closure or of refusal to close results in a penalty under ORS 656.268(5)(d). ORS 656.268(5)(d) provides that, if the employer has closed the claim or refused to close the claim, a penalty shall be assessed "if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable." The provision assumes that a notice of closure or refusal to close the claim has been issued. The penalty is implicated by an unreasonable closure or unreasonable refusal to close the claim. ORS 656.268(5)(d) does not provide for a penalty for

---

[2] In *French-Davis*, 186 Or App at 285, we described an employer's failure to respond to a request for claim closure as "affirmative inaction."

the failure to issue either type of notice. Thus, we agree with employer that the board erred in assessing a penalty based on the failure to timely comply with ORS 656.268(5)(b). If the failure to timely comply with ORS 656.268(5)(b) can give rise to a penalty under ORS 656.268(5)(d), it is because that conduct constitutes a refusal to close the claim. The board has yet to determine whether employer's failure to either close or refuse to close the claim was a refusal to close the claim. That is a determination for the board to make in the first instance. If the board determines that employer's failure to issue a notice closing or refusing to close the claim was a refusal to close the claim, then the determination whether that conduct was reasonable must be based on a factual inquiry into the reasonableness of employer's refusal to close under the circumstances. *See, e.g., Tri-Met, Inc. v. Wolfe,* 192 Or App 556, 86 P3d 111 (2004). We therefore remand the case to the board for it to consider whether employer's failure to issue a timely notice closing or refusing to close the claim was a refusal to close the claim and whether it was unreasonable under the circumstances.

In light of our conclusion, we do not address the second argument on review.

Reversed and remanded for reconsideration.