Argued and submitted June 3, reversed and remanded for reconsideration
December 16, 2009

In the Matter of the Compensation of
Anthony D. Cayton, Claimant.

Anthony D. CAYTON,
*Petitioner,*

*v.*

SAFELITE GLASS CORPORATION,
*Respondent.*

Workers' Compensation Board
0502541, 0503208; A134878

222 P3d 1134

Ronald A. Fontana argued the cause for petitioner. With him on the briefs was Fontana & Takaro, P.C.

Benjamin Debney argued the cause for respondent. On the brief was Steven T. Maher.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board (board), challenging the board's determinations that (1) he is not entitled to multiple penalties under ORS 656.268(5)(d) for employer's multiple refusals to close his claim and (2) he is not eligible for a separate penalty and/or attorney fees under ORS 656.262(11)(a) and ORS 656.382(1) for refusal to close his claim. We reverse and remand for further consideration.

Between January 2005 and December 2005, claimant may have made as many as 11 requests to employer for closure[1] of his workers' compensation claim pursuant to ORS 656.268(5)(b).[2] Employer failed to respond to some of the requests and responded to others with a Notice of Refusal to Close. Claimant requested a hearing each time. However, the hearings were postponed and eventually consolidated into one hearing. When a hearing did occur before an administrative law judge (ALJ), claimant requested that multiple penalties be assessed against employer for its refusal to respond to his requests for closures as well as for its refusals to close. Although the ALJ did not attempt to evaluate each request for closure and each refusal to close, he concluded that the failure to close the claim over a 10-month period was unreasonable. Nonetheless, he ruled that claimant was entitled to only one penalty pursuant to ORS 656.268(5)(d)[3] and one award of attorney fees pursuant to ORS 656.382(1).

---

[1] The number of requests is disputed, and neither the ALJ nor the board made a finding of how many requests were properly before them.

[2] ORS 656.268(5)(b) (2005) provides:

"If the insurer or self-insured employer has not issued a notice of closure, the worker may request closure. Within 10 days of receipt of a written request from the worker, the insurer or self-insured employer shall issue a notice of closure if the requirements of this section have been met or a notice of refusal to close if the requirements of this section have not been met. A notice of refusal to close shall advise the worker of the decision not to close; of the right of the worker to request a hearing pursuant to ORS 656.283 within 60 days of the date of the notice of refusal to close the claim; of the right to be represented by an attorney; and of such other information as the director may require."

[3] ORS 656.268(5)(d) provides:

"If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable,

Both parties appealed to the board. The board agreed with the ALJ that employer had unreasonably refused to close the claim but also ruled that claimant was not entitled to multiple awards of penalties and attorney fees. It reasoned, in part, with respect to ORS 656.268(5)(d), that

> "there has not been a final litigation order directing the carrier's compliance with claim processing require-ments. Rather, claimant has requested multiple penalties for the employer's failure to respond to his various requests to close the claim. However, these multiple penalty requests are based on the same conduct, *i.e.*, the employer's unreasonable refusal to close the claim. Thus, we conclude that multiple penalties under ORS 656.268(5)(d) are not warranted."

Thus, it appears that the board also did not evaluate each request for closure and each refusal to close separately.

On review, claimant argues that the board erred. He explains that "[t]he Board failed to separately analyze each request for closure and the employer's response or lack thereof to determine whether in each instance there was a refusal and whether the refusal was unreasonable." Employer responds that in *Red Robin International v. Dombrosky*, 207 Or App 476, 142 P3d 493 (2006), we "expressly addressed the issue presented here" when we held that ORS 656.268(5)(d) "does not provide for a penalty for the failure to issue either type of notice." *Red Robin*, 207 Or App at 480-81. In sum, employer asserts that claimant's argu-ment is the same argument that we rejected in *Red Robin*.

In *Red Robin*, the employer sought review of an order of the board, contending that it erred in assessing a penalty under ORS 656.268(5)(d). The claimant had requested a closure on July 29, 2004, and the employer received the request on August 2, 2004. The employer did not issue a notice of closure or notice of refusal to close the claim within 10 days of the claimant's request as required by ORS 656.268(5)(b). Rather, the employer responded with a letter

_____

a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation deter-mined to be then due the claimant."

dated August 18, 2004, asserting that an independent medical evaluation would be required before the claim could close. The claimant then requested a hearing and sought the imposition of a penalty pursuant to ORS 656.268(5)(d). The ALJ determined that the employer's failure to comply with the time requirements of ORS 656.268(5)(b) was unreasonable and assessed a penalty under ORS 656.268(5)(d). The board affirmed the ALJ's determination without discussion. *Red Robin*, 207 Or App at 478-80.

On judicial review, we reversed and remanded for reconsideration. We explained,

> "The question presented by this case is whether employer's 'affirmative inaction' in failing timely to respond to claimant's request for notice of closure by issuing either a notice of closure or of refusal to close results in a penalty under ORS 656.268(5)(d). ORS 656.268(5)(d) provides that, if the employer has closed the claim or refused to close the claim, a penalty shall be assessed 'if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if the finding is made at the hearing that the notice of closure or refusal to close was not reasonable.' The provision assumes that a notice of closure or refusal to close the claim has been issued. The penalty is implicated by an unreasonable closure or unreasonable refusal to close the claim. ORS 656.268(5)(d) does not provide for a penalty for the failure to issue either type of notice. Thus, we agree with employer that the board erred in assessing a penalty based on the failure to timely comply with ORS 656.268(5)(b). If the failure to timely comply with ORS 656.268(5)(b) can give rise to a penalty under ORS 656.268(5)(d), it is because that conduct constitutes a refusal to close the claim. The board has yet to determine whether employer's failure to either close or refuse to close the claim was a refusal to close the claim. That is a determination for the board to make in the first instance. If the board determines that employer's failure to issue a notice closing or refusing to close the claim was a refusal to close the claim, then the determination whether that conduct was reasonable must be based on a factual inquiry into the reasonableness of employer's refusal to close under the circumstances."

*Id.* at 480-81 (footnote omitted).

The question presented in *Red Robin* was whether the employer's affirmative inaction in failing to timely respond to the claimant's request for notice of closure resulted in a penalty under ORS 656.268(5)(d). In this case, the board appears to have applied the rule of *Red Robin* and to have found that employer had unreasonably refused to close the claim on multiple occasions. It then held, however, that claimant was not entitled to multiple penalties under ORS 656.268(5)(d) for the reasons expressed above. Thus, contrary to employer's argument, our decision in *Red Robin* does not govern the issue concerning whether multiple penalties are available.

Rather, claimant's arguments that he is eligible for multiple penalties and attorney fee awards under ORS 656.268(5)(d) and ORS 656.262(11)(a)[4] present issues of statutory construction. In construing a statute, we first look to the statute's text in context to discern the legislature's intention together with any legislative history that may inform the issue and, if necessary, we apply statutory maxims. *State v. Gaines*, 346 Or 160, 171-72, 175, 206 P3d 1042 (2009). Our research does not reveal any legislative history regarding whether the legislature contemplated that multiple penalties could be imposed for multiple refusals to close a claim arising during the processing of a single claim and the language of the statutes is reasonably susceptible to an interpretation either that only one penalty is available or that multiple penalties are available. Consequently, we turn to the third level

---

[4] ORS 656.262(11)(a) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. The fees assessed by the director, an Administrative Law Judge, the board or the court under this section shall be proportionate to the benefit to the injured worker. The board shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case. An attorney fee awarded pursuant to this subsection may not exceed $2,000 absent a showing of extraordinary circumstances. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection. The action of the director and the review of the action taken by the director shall be subject to review under ORS 656.704."

of analysis, which requires us to apply statutory maxims. One of those maxims is to consider what we believe the legislature would have decided, had it considered the issue. In that respect, the legislative policy underlying ORS 656.268(5)(d) and ORS 656.262(11)(a) informs the issue.

Our review of the legislative history reveals that, in general, the legislature enacted ORS 656.268(5)(d) and ORS 656.262(11)(a) to provide incentives to insurers to promptly close claims when the claimant's condition was medically stationary. *See generally* Tape Recording, Senate Labor Committee, HB 2900, May 27, 1987, Tape 178, Side A; June 9, 1987, Tape 203, Side B; Tape Recording, Senate Labor and Industries Committee, HB 1001, Mar 11, 1965, Tape B. Accordingly, the legislature imposed three predicates to the assessment of a penalty under ORS 656.268(5)(d). First, there must be a closure of a claim or a refusal to close a claim. Second, the correctness of that action must be at issue in a hearing on the claim. Finally, there must be a finding that the notice of closure or the refusal to close was not reasonable. If those predicates are satisfied, then "a penalty shall be assessed." The focal point of the requirements for the imposition of a penalty then, is "reasonableness."

There is, however, no limitation or restriction in the statute on how many penalties may be assessed during the processing of a claim if the predicates for the assessment of a penalty are satisfied. Additionally, we are mindful of the admonition in ORS 174.010 that we are to construe a statute according to its language and not to insert what has been omitted.

Based on the above considerations, we conclude that, if the legislature had intended a limitation on the number of penalties that could be assessed for multiple refusals to close a claim during the processing of a claim, it would have said so expressly. Rather, the policy underlying the statutes indicates that the legislature intended that each request for closure and each response be assessed under a standard of reasonableness based on the circumstances that existed at the time of the action.

In that light, we turn to what occurred in the processing of this claim. The ALJ stated, "I do not attempt here to

evaluate each request for closure and each refusal to close. I come to the general conclusion that the failure to close the claim was unreasonable." The board, however, while agreeing with the ALJ's conclusion, reasoned that claimant was not entitled to multiple penalties because the "multiple penalty requests are based on the same conduct, *i.e.*, the employer's unreasonable refusal to close the claim." The board also distinguished the circumstances of this claim from those in *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988). In that case, two separate hearings were held. One hearing addressed the determination order in the case, and the second hearing addressed the employer's refusal to obey the award ordered after the first hearing. Each hearing resulted in the employer being assessed discrete penalties and attorney fees under *former* ORS 656.262(10) (1987), *renumbered as* ORS 656.262(11) (1995). *Piwowar*, 305 Or at 496-98. Under those circumstances, the court affirmed the awards of penalties and attorney fees. The board observed that, in *Piwowar*, "each penalty was based on a failure to comply with a separate order directing the carrier's compliance with claim processing requirements." However, in the processing of this claim, it pointed out, there was no "final litigation order directing the carrier's compliance with claim processing requirements."

The board's reliance on the factors of separate litigation orders and whether employer's conduct was the "same conduct" upon which the penalty requests were based could properly be part of the "reasonableness" inquiry required by the legislature under the statute. However, the flaw in the board's reasoning is its failure to apply the criteria of reasonableness to each refusal to close issued by employer. As explained in the above paragraphs, in order to further the legislative goal of encouraging insurers to promptly close claims, ORS 656.268(5)(d) contemplates an evaluation of the reasonableness of a refusal to close each time there is a refusal to close the claim.[5] Ultimately, the board must decide

---

[5] Some examples illustrate how the legislature apparently intended the statute to operate. Circumstances regarding whether a claimant is medically stationary could change or remain the same during the course of multiple requests for closure. For example, if a claimant makes multiple requests for closure where there are no changes in circumstances, then the board may take those facts into account in its consideration of whether the insurer acted reasonably each time it refused to

in evaluating all the attendant circumstances whether the policy of the statute to promote the timely closure of claims is promoted by the award of a penalty. It follows that the board's failure to evaluate each request for closure and employer's inaction or notice of refusal to close for reasonableness was error. Consequently, remand is necessary for the board to undertake that task.

■    In his second assignment of error, claimant argues that the board erred in failing to award penalties pursuant to ORS 656.262(11)(a) and attorney fees pursuant to ORS 656.382(1)[6] for the violation of ORS 656.262(11)(a). The board held that claimant was not entitled to two penalties under ORS 656.268(5)(d) and ORS 656.262(11)(a) for the same conduct and that "claimant does not argue that the penalty under ORS 656.268(5)(d) and the penalty under ORS 656.262(11)(a) are for *different* conduct." (Emphasis in original.) Claimant argues that he is owed an additional penalty under ORS 656.262(11)(a) for employer's failure "to timely determine his vocational eligibility and otherwise to process the claim even without regard to his requests for closure." Employer responds initially to claimant's second assignment of error by arguing that claimant failed to preserve the issue of vocational eligibility before the board.

Our review of the record before the ALJ and the board reveals that claimant made the argument before the board and the ALJ regarding employer's failure to timely determine claimant's vocational eligibility. Claimant first

---

close a claim. Conversely, if a change of circumstances occurs between requests to close a claim, the board may take those changes into account in determining whether the insurer acted reasonably. Also, if an insurer denies a request for closure based on the alleged need to obtain additional medical information, then the board is entitled to consider whether that response is reasonable. Conversely, if the insurer denies closure without a valid reason, the board could properly rule that a penalty should be assessed.

[6] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation, except as provided in ORS 656.385, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

made that argument in his reply to employer's closing argument, and renewed that argument in his brief to the board. Neither the ALJ nor the board addressed the claim for vocational benefits, nor did the board specifically hold that it was not preserved. Accordingly, on remand, the board must consider claimant's contention that he is entitled to a penalty under ORS 656.262(11)(a) for employer's alleged failure to timely determine vocational eligibility and whether claimant is entitled to an award of attorney fees under ORS 656.382(1) regarding that issue.

We agree, however, with the board in one respect. We can find nothing in the legislative history to indicate that the legislature intended that an employer who unreasonably refuses to close a claim should be assessed a penalty under ORS 656.282(11)(a) in addition to the penalty assessed under ORS 656.268(5)(d). In light of the legislative policy underlying the imposition of penalties under the statutes, we do not understand how duplicative penalties for the same conduct would further the legislature's goal of promoting timely closure of claims.

Claimant also argues that additional attorney fees are warranted under ORS 656.382(1) if further penalties are awarded on remand. Whether more than one award of attorney fees is available will depend, in part, on whether claimant's attorney rendered discrete services for each unreasonable refusal to close the claim. Accordingly, we remand the award of attorney fees for reconsideration in light of further findings made on remand.

Reversed and remanded for reconsideration.