Argued and submitted October 6, 2009, affirmed January 27, 2010

In the Matter of the Compensation of
David E. Fitzsimonds, Claimant.

David E. FITZSIMONDS,
*Petitioner,*

*v.*

MJ HUGHES CONSTRUCTION, INC.,
*Respondent.*

Workers' Compensation Board
0602879; A138173

226 P3d 107

Ronald A. Fontana argued the cause for petitioner. With him on the briefs was Fontana & Takaro, P.C.

Theodore P. Heus argued the cause for respondent. With him on the brief was Scheminske & Lyons, LLP.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

EDMONDS, S. J.

## EDMONDS, S. J.

Claimant seeks judicial review in this workers' compensation case of the board's order ruling that no penalties or attorney fees are awardable under ORS 656.268(5)(d) and ORS 656.382(1) for the alleged unreasonable failure to respond to claimant's request for claim closure. On review, we affirm.

Claimant suffered a compensable injury in February 2005, which employer accepted as a right shoulder condition. In March 2006, claimant's attending physician determined that the condition was medically stationary and asked employer to schedule a physical capacities evaluation (PCE) for claimant. That evaluation was performed on April 19, 2006, and concluded that claimant was capable of performing light to medium work with occasional overhead reaching, crawling, and vertical ladder climbing. On April 24, 2006, claimant requested that a notice of closure be issued closing the claim. On May 1, 2006, employer's representative informed claimant that the claim would not close until claimant's attending physician had the opportunity to examine the evaluation. That same day, claimant's attending physician considered the evaluation and concurred in its findings. Employer's representative received the attending physician's report on May 4, 2006, that concurred with the evaluation.

On May 5, 2006, claimant requested a hearing before the hearings division, asserting that employer had failed to timely respond to his request to close his claim. Claimant then made a second request for closure on May 11, 2006. On May 17, 2006, employer's counsel discussed claimant's shoulder condition with his attending physician and sent him a letter summarizing the conversation. The attending physician signed and returned the letter to employer's attorney on May 22, 2006, and employer issued a notice of closure without a permanent disability award on May 25, 2006. On June 2, 2006, claimant requested reconsideration of the closure order, and an order on reconsideration awarded claimant permanent disability.

In the hearing before the administrative law judge (ALJ), claimant sought penalties under ORS 656.268(5)(d)

and attorney fees under ORS 656.382(1)[1] for employer's alleged unreasonable refusal to close the claim and its failure to issue a notice of closure or refusal to close within 10 days of his request. The ALJ ruled in favor of claimant, and employer appealed to the board. The board held that employer's conduct was reasonable and therefore reversed the ALJ's award of penalties and attorney fees.

On review, claimant argues, under his first assignment of error, that employer had sufficient information to close the claim on May 4, 2006, and was required by ORS 656.268(5)(b) to issue a notice of closure or refusal to close no later than that date. As to his May 11, 2006, request for closure, claimant contends that employer was required by the statute to issue a notice of closure or refusal to close by May 21, 2006. In claimant's view, the failure to close by those deadlines was unreasonable as a matter of law. He explains that employer's refusal to close within the strict time period set by ORS 656.268(5)(b) cannot be deemed to be reasonable conduct absolving it of the penalties the legislature imposed to ensure compliance with the statute.

Employer counters that its

"refusals to close the claim were not unreasonable based on the medical evidence in this case. ORS 656.268(1) and OAR 436-030-0020(1)[2] provide that a self-insured employer has 14 days to close a claim from the date it receives sufficient information to warrant claim closure. Here, the Workers' Compensation Board (board) found there was insufficient

---

[1] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation, except as provided in ORS 656.385, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

[2] OAR 436-030-0020(1) provides, in part:

"Provided the worker is not enrolled and actively engaged in training, the insurer must issue a Notice of Closure on an accepted disabling claim within 14 days when:

"(a) Medical information establishes there is sufficient information to determine the extent of permanent disability under ORS 656.245(2)(b)(C), and indicates the worker's compensable condition is medically stationary[.]"

sufficient [*sic*] information to close the claim until May 22, 2006. * * * That finding is supported by substantial evidence and substantial reason."

In his reply brief, we understand claimant to reiterate his contention that the 10-day period provided for in ORS 656.268(5)(b) for an employer to close a claim or refuse to close a claim is an absolute requirement that cannot be extended by administrative rule and that employer had an obligation under the statute as a matter of law to respond to claimant's requests to close his claim no later than May 4 and May 21, 2006. Alternatively, claimant argues that the board's ruling that employer acted reasonably lacks substantial reason and that remand is required for the board to provide a rational explanation of its decision. Finally, claimant asserts:

> "[I]n reviewing claim[ant's] entitlement to a penalty under ORS 656.268(5)(d), the Board was required to determine whether in response to claimant's April 24, 2006 request for claim closure[,] the employer refused to close the claim and whether that refusal was unreasonable under the circumstances then existing. The Board was then required to separately determine whether employer's conduct in response to claimant's May 11, 2006 request for claim closure was a refusal to close the claim and whether that refusal was unreasonable under the circumstances existing at that time. Because the Board failed to make specific determinations of these questions as required by *Red Robin International v. Dombrosky*, 207 Or App 476, 481, 142 P3d 493 (2006), remand to the Board is required."

Initially, we turn to claimant's assertion that ORS 656.268(5)(d) required the board to separately assess each request and each response or nonresponse for closure under a standard of reasonableness based on the circumstances that existed at the time of the request for closure. Claimant's contention is correct as a matter of an abstract principle of law. *Cayton v. Safelite Glass Corp.*, 232 Or App 454, 462, 222 P3d 1134 (2009). However, our review of the record before the board does not reveal that claimant made that argument to the board. In its opinion, the board acknowledged that claimant made two requests for closure—one on April 24, 2006,

and one on May 11, 2006—but it held that that fact "does not change the outcome of this case." Rather, it found that,

> "[i]n response to claimant's first request for claim closure, the employer wrote a May 1, 2006 letter to claimant's attorney stating that it was 'unable to proceed with closure of [claimant's] claim until [the attending physician] concurs with the PCE report' and advising that it 'should be able to proceed with the issuance of the Notice of Closure' once [the attending physician] so concurred. * * * That day, [the attending physician] concurred with the PCE, but the employer did not receive the concurrence until May 4, 2006, 10 days after claimant's request. * * *

> "Until [the attending physician] concurred with the PCE, there was insufficient information to close the claim. Consistent with this timeline, claimant does not contend that the employer was obligated to close the claim prior to its May 4, 2006 receipt of the closing examination report in which [the attending physician] concurred with the PCE. However, because the employer's May 1, 2006 letter was not a 'notice of refusal to close' as contemplated by ORS 656.268(5)(b), claimant argues that the letter did not discharge the carrier of its obligation to issue either a notice of closure or a notice of refusal to close in response to claimant's April 24, 2006 request. Thus, claimant contends that the employer was obligated to issue a Notice of Closure after receiving [the attending physician's] closing examination report."

(Footnote and citations omitted.)

The board then reasoned:

> "In *Red Robin International v. Dombrosky*, 207 Or App 476, 142 P3d 493 (2006), the court addressed the application of ORS 656.268(5)(d) where the carrier had not issued a notice of closure or notice of refusal to close the claim within 10 days of the claimant's request that it do so pursuant to ORS 656.268(5)(b). The court noted that a penalty is only warranted if there was an *unreasonable* refusal to close the claim. *Id.* at 480.

> "* * * * *

> "Assuming, without deciding, that the employer's failure to issue a notice pursuant to ORS 656.268(5)(b) prior to May 25, 2006 constituted a 'refusal' to close, such conduct

would not be unreasonable under these circumstances. The employer is obligated to close the claim consistent with ORS 656.268(1), which directs the employer to close the claim in a manner 'prescribed by the Director.' Pursuant to OAR 436-030-0020(1), the employer had to issue a Notice of Closure within 14 days from the date it received sufficient information to determine the extent of claimant's impairment and whether claimant's impairment was medically stationary.

"* * * * *

"Here, although the employer received a closing examination report from [the attending physician] on May 4, 2006, it did not receive his final report regarding the extent of claimant's impairment until May 22, 2006. Therefore, the May 25, 2006 Notice of Closure was issued three days after the employer received sufficient information to close the claim. Under these circumstances, in light of OAR 436-030-0020(1) * * *, we find the employer's conduct was reasonable."

(Emphasis in original.)

The tenor of claimant's argument that led to the board's reasoning was that the board "should find that the employer/claim processor continued to refuse to close the claim from April 24, 2006, until May 25, 2006, that it was unreasonable, and that an assessment penalty pursuant to ORS 656.268(5)(d) is due claimant." That argument did not contend that multiple assessments were required or that multiple penalties were due. Consequently, we conclude that any claim of error on the part of the board for not separately assessing the reasonableness of the nonresponses to the requests for closure on April 24 and May 21, 2006, is not adequately preserved under ORAP 5.45 and will not be considered further.

 Claimant's remaining arguments are that the board lacked authority under ORS 656.268(5)(d) to extend the time for responding to his requests for closure beyond May 4 and May 11, 2006, and that the board's conclusion that employer acted reasonably in refusing to close his claim is not supported by substantial reason. ORS 656.268(5)(b) provides, in part:

"If the insurer or self-insured employer has not issued a notice of closure, the worker may request closure. Within

10 days of receipt of a written record request from the worker, the insurer or self-insured employer shall issue a notice of closure if the requirements of this section have been met or a notice of refusal to close if the requirements of this section have not been met."

ORS 656.268(5)(d) provides:

"If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

As we stated in *Red Robin,*

"[ORS 656.268(5)(d)] assumes that a notice of closure or refusal to close the claim has been issued. The penalty is implicated by an unreasonable closure or unreasonable refusal to close the claim. ORS 656.268(5)(d) does not provide for a penalty for the failure to issue either type of notice."

207 Or App at 480-81. Consequently, there is no penalty available under ORS 656.268(5)(d), so long as the insurer or self-insured employer acted reasonably in not responding to the request for closure within that period of time, even if the 10-day period under ORS 656.268(5)(b) is exceeded. It follows that claimant's assertion that a penalty must be imposed whenever the 10-day period is exceeded is incorrect.

Finally, claimant argues that the board's ruling is not supported by substantial reason. In order for the board's ruling to be affirmed in response to a challenge that it lacks substantial reason, the board must articulate a rational connection between the facts that it finds and the legal conclusion that it draws from those facts. *Liberty Northwest Ins. Corp. v. Verner,* 139 Or App 165, 169, 911 P2d 948 (1996). The board made a determination that under the circumstances that existed, employer's postponement of the closing date was reasonable based on employer's intention to confirm claimant's condition with claimant's attending physician before

deciding whether to close the claim. Claimant focuses on the statement by the board in its opinion that "[u]ntil [the attending physician] concurred with the PCE, there was insufficient information to close the claim." In claimant's view, employer had sufficient information to close the claim on May 4, 2006, when it received the attending physician's concurrence with the physical capabilities evaluation, and in light of his requests for closure on April 24 and May 11, 2006, it necessarily follows that the 10-day period for notice of closure or refusal to close under ORS 656.268(5)(b) expired as to each request on May 4 and May 21, 2006. Therefore, according to claimant, employer's failure to close on or before each of those dates was unreasonable as a matter of law.

The board, however, explained in its final paragraph of its opinion that "although the employer received a closing examination report from [the attending physician] on May 4, 2006, it did not receive his final report regarding the extent of claimant's impairment until May 22, 2006." Accordingly, in the board's view, the triggering event regarding when employer was in a position to close or refuse to close the claim was the receipt of the attending physician's final report. Until that time, the board implicitly found that employer did not have enough information to respond to claimant's request. Whether it was reasonable for employer to postpone closure until it received a final report from the attending physician is a question of ultimate fact under the provisions of ORS 656.268(5)(b), which we review for substantial evidence. We conclude based on a review of the record before us that the board's determination in that respect is supported by substantial evidence, *i.e.*, a determination that a reasonable factfinder could make under the circumstances. Thus, it follows that the board could rationally conclude from its findings that employer had no legal obligation to respond to claimant's requests for closure until May 25, or three days after it received the report from the attending physician.[3]

Affirmed.

---

[3] In light of the three-day interval between the receipt of the attending physician's final report and the issuance of the notice of closure, we need not reach the question of whether the 14-day provision of OAR 436-030-0020(1) conflicts with the 10-day period provided for the closing or refusal to close a claim in ORS 656.268(5)(b).