Argued and submitted January 15, 2016; reversed and remanded on the petition, affirmed on the cross-petition February 15, 2017

In the Matter of the Compensation of
Warren D. Duffour, Claimant.

Warren D. DUFFOUR,
*Petitioner,*
*Cross-Respondent,*

*v.*

PORTLAND COMMUNITY COLLEGE,
*Respondent,*
*Cross-Petitioner.*

Worker's Compensation Board
1205465, 1204519; A155284

389 P3d 1162

Ronald A. Fontana argued the cause for petitioner-cross-respondent. With him on the briefs was Ronald A. Fontana, P.C.

Matthew F. Denley and Cummins, Goodman, Denley & Vickers, P.C., filed the briefs for respondent-cross-petitioner.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## LAGESEN, J.

Claimant petitions for review of a final order of the Workers' Compensation Board; employer cross-petitions for review of the same order. ORS 656.298(1), (4). The issue presented is whether claimant raised his requests for various penalties and attorney fees in connection with employer's premature closure of his workers' compensation claim in a procedurally proper manner. The board concluded that claimant had not properly raised some of his requests for penalties and fees but had properly raised others. On review, claimant assigns error to the board's denial of those penalties and fees that the board concluded were procedurally barred, while employer assigns error to the board's award of some of the penalties and fees that the board determined were not procedurally barred. We conclude that the board erred to the extent that it concluded that claimant had not properly raised his requests for penalties and fees. For that reason, we remand to the board to reconsider the fee and penalty requests that it denied, but otherwise affirm the board's order.

The facts pertinent to the questions before us are procedural. In February 2010, claimant was working in the library at Portland Community College when he was violently attacked by an assailant. The attack caused claimant to suffer a traumatic brain injury. Employer accepted claimant's workers' compensation claim for the conditions resulting from the workplace attack.

A year and one-half later, on August 29, 2012, employer issued a notice of closure for the claim. The notice of closure found that claimant was stationary as of August 20, 2012, that temporary total disability was authorized from the date of injury to the date of closure, and that claimant was entitled to permanent partial disability.

On September 10, 2012, claimant sought reconsideration of the notice of closure with the Appellate Review Unit (ARU) of the Workers' Compensation Division under ORS 656.268(5)(c) (2011),[1] which requires a party objecting

---

[1] ORS 656.268 was amended in 2015, some of the provisions cited in this opinion were modified, and others were renumbered. Or Laws 2015, ch 144, § 1. For that reason, citations to ORS 656.268 in this opinion are to the 2011 version of the statute, unless otherwise indicated.

to a notice of closure to seek reconsideration with the director of the Workers' Compensation Division before seeking a hearing. He contended that the notice of closure was premature and should be rescinded.

Also on September 10, claimant filed a hearing request with the board. The request indicated that claimant was seeking a hearing on entitlement to a penalty under ORS 656.268(5)(d)[2] and attorney fees under ORS 656.382(1)[3] because of the premature claim closure, and on entitlement to a penalty and fees under ORS 656.262(11)(a)[4] for employer's failure to pay temporary disability after August 20.

On October 2, 2012, the ARU issued its order on reconsideration. The ARU agreed with claimant that the notice of closure was premature and ordered that it be rescinded.

On October 29, 2012, claimant filed a second hearing request with the board. On that request, which claimant submitted using a board form, claimant checked the box

---

[2] ORS 656.268(5)(d) provides:

"If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

[3] ORS 656.382(1) states:

"If an insurer or self-insured employer refuses to pay compensation, costs or attorney fees due under an order of an Administrative Law Judge, the board or the court, or otherwise unreasonably resists the payment of compensation, costs or attorney fees, except as provided in ORS 656.385, the employer or insurer shall pay to the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

[4] ORS 656.262(11)(a) states, in relevant part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, attorney fees or costs, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. The fees assessed by the director, an Administrative Law Judge, the board or the court under this section shall be reasonable attorney fees."

indicating that the order on reconsideration was one of the reasons he was seeking a hearing. Claimant also indicated that he was seeking fees and penalties based upon employer's failure to pay attorney fees and other amounts due as a result of the order on reconsideration but did not reassert the entitlements to fees and penalties that he raised in his first hearing request. Instead, claimant requested consolidation of the first and second hearing requests. Consistent with claimant's request, the hearings division consolidated the two requests for hearing before an administrative law judge (ALJ). *See* OAR 438-006-0065 (allowing for consolidation of hearing requests).

Following the hearing, the ALJ issued an order in which she denied all of the fees and penalties that claimant sought as a result of the premature notice of closure. That is, the ALJ denied the penalties and fees that claimant requested in his first hearing request: the ORS 656.268(5)(d) penalty for the allegedly "unreasonable" notice of closure; the ORS 656.382(1) attorney fees for employer's allegedly unreasonable resistance to payment of compensation in issuing the premature notice of closure; and the penalty and fees under ORS 656.262(11)(a) for employer's allegedly unreasonable failure to pay temporary disability from August 20 to August 29. The ALJ determined that those requests were barred by claim preclusion because claimant did not raise them in the reconsideration proceeding before the ARU. She explained:

> "[Claimant] could have raised and preserved his penalty and attorney fee issues at the reconsideration proceeding and then sought a hearing before the Hearings Division and argued that he was entitled to penalties and fees based on the incorrect Notice of Closure. Thus, I conclude that his argument, stemming from the Notice of Closure, that he is entitled to penalties and attorney fees under ORS 656.268(5)(d) and ORS 656.382(1) for the carrier's incorrect Notice of Closure could have been raised in the earlier action and is therefore now barred by claim preclusion."

She stated further that the same reasoning applied to claimant's request for a penalty and fees under ORS 656.262(11)(a) for employer's failure to pay temporary disability between August 20 and August 29.

Claimant then sought review before the board. He argued, among other things, that the ARU would not have had the authority to grant his fee and penalty requests and, for that reason, the ALJ erred in concluding that he was barred by claim preclusion from raising the penalty and fees issues at the hearings division.

The board affirmed the ALJ's order in part, and reversed it in part. As to claimant's request for an ORS 656.268(5)(d) penalty, the board concluded that claimant was not required to raise that issue before the ARU on reconsideration because the ARU would not have had the authority to award a penalty under that statute. However, observing that ORS 656.268(5)(d) requires closure to "be a viable issue at a hearing before a penalty is assessed under ORS 656.268(5)(d)," the board concluded that claimant could not obtain a penalty under that statute because neither claimant nor employer had "requested a hearing from the reconsideration order." The board further determined that, because no party had requested a hearing from the reconsideration order, "there has been no finding that the August 2012 Notice of Closure was unreasonable," and that, accordingly, claimant was not entitled to an attorney fee award under ORS 656.382(1).

The board reached a different conclusion regarding claimant's request for a penalty and fees under ORS 656.262(11)(a) for employer's allegedly unreasonable failure to pay temporary disability between August 20 and August 29. As to that request, the board again determined that the ARU would not have had the authority to address the issue and that, as a result, "claimant's decision not to raise this issue during the reconsideration proceeding did not preclude him from raising it at the hearing level." Implicitly concluding that claimant's hearing requests had raised the issue for hearing, the board then proceeded to determine whether employer had unreasonably terminated claimant's temporary disability as of August 20, and ultimately awarded claimant a penalty and fees under ORS 656.262(11)(a).

On review, claimant assigns error to the board's denial of his request for an ORS 656.268(5)(d) penalty and ORS 656.382(1) attorney fees. He contends that "claimant's

consolidated [hearing] requests were sufficient to raise and put at issue before the Hearings Division his entitlement to an ORS 656.268(5)(d) penalty for employer's unreasonable and incorrect closure," and that the board erred in concluding that he had not requested a hearing in a way that would permit him to raise the penalty and fee issue. In response and in the cross-petition, employer argues that claimant's hearing requests did not properly raise the issues regarding the penalties and fees that claimant seeks to litigate. Although employer acknowledges that claimant raised the issues in his first hearing request, employer asserts that that request was "premature and legally void." Employer further contends that claimant's second hearing request did not properly raise the issues because it did not reiterate the issues identified in the first hearing request but, instead, focused on issues arising after the order on reconsideration issued. Employer argues that, for those reasons, the board correctly rejected claimant's requests for the ORS 656.268(5)(d) penalty and ORS 656.382(1) fees but incorrectly concluded that claimant had properly raised his request for a penalty under ORS 656.262(11)(a).

Our review of board proceedings is "as provided in ORS 183.482(7) and (8)." ORS 656.298(7). Here, the parties' arguments raise an issue of procedure: Did claimant properly request a hearing in connection with his fee and penalty requests? Under ORS 183.482(7), we review to determine whether "the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure."

Applying that standard, we conclude that the board erred in determining that claimant's hearing requests did not properly raise the issue of his entitlement to a penalty under ORS 656.268(5)(d) and fees under ORS 656.382(1) at the hearing before the ALJ and that, to raise such issues, claimant (or employer) was required to separately request a hearing from the order on reconsideration. We reach this conclusion for the following reasons.

*First,* claimant's first hearing request made clear that he was seeking the ORS 656.268(5)(d) penalty and ORS 656.382(1) fees. In other words, this is not a situation

in which employer was unaware that claimant was seeking a hearing on those issues or was somehow blindsided by claimant's request for the penalty and fees. Claimant has been steadfast in his position that the premature notice of closure was unreasonable and should give rise to an array of penalties and fees.

*Second*, contrary to employer's argument that claimant's first hearing request was "legally void" because it was filed before the completion of the reconsideration process, no statute or rule of which we are aware prohibited claimant from filing an early hearing request seeking a penalty and fees under ORS 656.268(5)(d) and ORS 656.382(1). To be sure, it would have been premature to adjudicate claimant's requests for fees and penalties in a hearing before the completion of the reconsideration process. ORS 656.268(5)(c) is clear that a party objecting to a notice of closure must first seek reconsideration with the director and, as employer notes, permitting a claimant simultaneously to move forward with a hearing on penalties while reconsideration was pending would risk inconsistent results as to whether a notice of closure was properly issued. However, nothing in the statute prohibits an objecting party from *filing* a hearing request before the reconsideration process has been completed.[5]

Relatedly—and of greater concern—the hearings division did not treat claimant's first hearing request as premature because it was filed before the completion of the reconsideration process. Instead, the hearings division consolidated the request with claimant's later hearing request and held a hearing on both of them. As a result, claimant was not on notice of the need to file another hearing request "from the order on reconsideration" in order to pursue the penalty and fee issues that he had identified in his first hearing request. Had the hearings division dismissed the initial request as premature rather than consolidating it with claimant's post-reconsideration hearing request, claimant

---

[5] ORS 656.319(4) provides that a party objecting to a reconsideration order under ORS 656.268 must request a hearing "within 30 days *after* the copies of the reconsideration order were mailed to the parties." (Emphasis added.) However, that provision did not apply to claimant's hearing request because, as claimant notes, he had no objections to the reconsideration order, which was in his favor.

would have been aware of the need to file a new hearing request addressing the penalty and fees issues or to amend the second hearing request.

*Third,* the board's rules of procedure for hearings call for flexibility, rather than rigidity, in this area. Although a party requesting a hearing must identify the issues for hearing early on, the board has provided that leave to amend the issues for hearing should be freely allowed. Specifically, OAR 438-006-0031(2) (May 1, 2003)[6] provides:

> "Amendments shall be freely allowed up to the date of the hearing. If during the hearing, the evidence supports an issue or issues not previously raised, the Administrative Law Judge may allow the issue(s) to be raised during the hearing. In such a situation, the Administrative Law Judge may continue the hearing upon motion of an adverse party pursuant to OAR 438-006-0091."

Thus, even if employer is correct that claimant's first hearing request was void because it was premature, the board's rules would entitle claimant to amend his second hearing request to assert the issues identified in the first request. Perhaps that is why the hearings division simply consolidated the two requests, rather than adopting the more cumbersome procedure of dismissing the first hearing request and requiring amendment of the second. In other words, claimant, for all practical purposes, did exactly what the board concluded claimant was required to do to raise the issue of an ORS 656.268(5)(d) penalty and ORS 656.382(1) fees. Claimant filed a hearing request "from" the order on reconsideration and, by consolidating it with the previous request, raised for hearing the issues identified in that request.

For these reasons, we conclude that claimant's hearing requests put his entitlement to the requested penalty and fees at issue in the hearing before the ALJ, and that the board erred in concluding that those issues were not presented because neither claimant nor employer had

---

[6] Although OAR 438-006-0031 was amended in 2013, we use the 2003 version of the rule because that was the version that applied during the prior proceedings.

requested a hearing from the order on reconsideration.[7] As to employer's contention that the board erred by awarding penalties under ORS 656.262(11)(a), that contention is predicated on the assertion that claimant's first hearing request was void and, therefore, that penalty issue, along with the others, was not properly presented for hearing. Because we have concluded that claimant's hearing requests adequately presented for hearing the penalty and fees issues identified in the first hearing request, we reject that argument without further discussion. As a result, we remand to the board to reconsider claimant's ORS 656.268(5)(d) penalty request and ORS 656.382(1) fees request, but otherwise affirm the board's order.[8]

Reversed and remanded on the petition; affirmed on the cross-petition.

---

[7] We emphasize that our ruling is strictly procedural, and express no opinion on whether claimant will be able to establish entitlement to the penalty and fees that he seeks under the terms of ORS 656.268(5)(d) or ORS 656.382(1). In particular, we express no opinion as to whether and in what circumstances a hearing to consider penalty and fee requests stemming from an incorrect notice of closure is one in which "the correctness of that notice of closure * * * is at issue in a hearing on the claim" for purposes of ORS 656.268(5)(d). The parties have not addressed that statutory construction issue before us, and have focused instead on whether claimant's hearing requests properly raised his requests for penalties and fees.

[8] In a memorandum of additional authorities, claimant argues that we should award attorney fees on appeal. We decline to rule on a request for attorney fees on appeal absent a petition for attorney fees under ORAP 13.10. In the same memorandum, claimant argues that we should remand to the board for an award of attorney fees for services before the board under ORS 656.262(11)(a). As claimant did not assign error to the board's denial of those fees, we decline to do so.