No. 115 February 19, 2026 281

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
John Calvi, Claimant.

John CALVI,
*Petitioner,*

*v.*

GALLAGHER BASSETT SERVICES INC.
and Progressive Roofing - Services,
*Respondents.*

Workers' Compensation Board
2303605; A186103

Argued and submitted November 10, 2025.

Nathan R. Goin argued the cause and filed the briefs for petitioner.

Rebecca Watkins argued the cause for respondents. Also on the brief was SBH Legal.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (board), which adopted and affirmed the administrative law judge's (ALJ) determination that a penalty for unreasonable claim closure cannot be assessed under ORS 656.268(5)(f) unless the claimant has filed a request for hearing to contest an order on reconsideration. Claimant asks us to reverse the board's order and determine that ORS 656.268(5)(f) does not procedurally mandate the filing of a request for hearing from an order on reconsideration in order to place the correctness of a closure at issue for the purposes of obtaining a penalty for unreasonable closure proceedings. Claimant's argument presents a question of statutory construction that we review for legal error. *Hopkins v. SAIF*, 349 Or 348, 355, 245 P3d 90 (2010) ("[T]he meaning of a statutory term is a matter of law[.]"); ORS 183.482(8)(a).[1] In reviewing the board's order, we conclude that the board did not err and therefore affirm.

Claimant injured his right ankle at work. The board accepted a claim for a disabling right ankle sprain and right talar chondral lesion, and the claim processed to closure on May 25, 2023. On that same date, claimant filed a request for reconsideration. The Appellate Review Unit (ARU) of the Workers' Compensation Division issued an order on reconsideration rescinding the notice of closure as premature.[2]

Claimant did not request a hearing from the reconsideration order, which became final. But claimant filed a request for hearing seeking a penalty and attorney fees to be assessed under ORS 656.268(5)(f), asserting that employer's notice of closure had been unreasonable.

---

[1] ORS 183.482(8)(a) states, in relevant part:

"If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, the court shall:

"(A)   Set aside or modify the order; or

"(B)   Remand the case to the agency for further action under a correct interpretation of the provision of law."

[2] The closure was rescinded because the insurer failed to obtain sufficient medical support before processing the closure and instead relied on a series of contradictory reports concerning claimant's impairment findings, medically stationary date, and work restrictions.

ORS 656.268(5)(f) provides:

> "If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, *if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim* and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

(Emphasis added.) In *Cayton v. Safelite Glass Corp.*, 232 Or App 454, 460, 222 P3d 1134 (2009), we stated that the plain text of ORS 656.268(5)(f) provides three predicates to the assessment of a penalty: (1) the closure of a claim or a refusal to close the claim; (2) a hearing at which the "correctness" of that action is at issue; and (3) a finding that the notice of closure or the refusal to close was not reasonable. In applying those predicates, the board has held that, to place the correctness of a notice of closure at issue at a hearing, a party must request a hearing from the reconsideration order. *Warren D. Duffour*, 70 Van Natta 176, 178-79 (2018) (*Duffour II*) (irrespective of a favorable result on reconsideration, a worker seeking a penalty under ORS 656.268(5)(f) must challenge the favorable determination in order to place the correctness of the notice of closure at issue at a hearing)[3] Citing the board's order in *Duffour II*, the ALJ here declined to reach the merits of claimant's request for a penalty,

---

[3] In our judicial review of *Warren D. Duffour*, 65 Van Natta 1744 (2013) (*Duffour I*), we explicitly did not address the issue presented here: whether, or under what circumstances, a request for hearing from an order on reconsideration would place the correctness of a notice of closure at issue for purposes of a penalty under ORS 656.268(5)(f). *Duffour v. Portland Community College*, 283 Or App 680, 688, 688 n 7, 389 P3d 1162 (2017). We expressed

> "no opinion on whether claimant will be able to establish entitlement to the penalty and fees that he seeks under the terms of ORS 656.268(5)(d) or 656.382(1). In particular, we express no opinion as to whether and in what circumstances a hearing to consider penalty and fee requests stemming from an incorrect notice of closure is one in which 'the correctness of that notice of closure *** is at issue in a hearing on the claim' for purposes of ORS 656.268(5)(f)."

*Id.* at 688 n 7.

Relevant to the *Duffour* cases, ORS 656.268(5)(f) was previously numbered ORS 656.268(5)(d) and was renumbered in 2015. Or Laws 2015, ch 144, § 1. The text of that subsection has not changed in the intervening years.

explaining that claimant had failed to place the correctness of the notice of closure at issue in a hearing by requesting a hearing from the favorable reconsideration order.

On appeal, the board adopted and affirmed the ALJ's order. Board Member Ousey concurred, expressing the concern that, although the board's disposition was required by board precedent and by ORS 656.268(5)(f), the requirements of ORS 656.268(5)(f) "create an unnecessarily cumbersome process for requesting a penalty for an incorrect closure that is not consistent with the legislature's purpose in enacting the statute." 76 Van Natta 687, 687 (2024) (Ousey, Member, concurring).

Claimant seeks judicial review, contending that the board incorrectly determined that, to put the notice of closure at issue in a hearing, a claimant must file a request for a hearing challenging an order on reconsideration, even when the order is favorable to claimant. Rather, claimant contends, a claimant may place the correctness of a notice of closure at issue by simply requesting a hearing, but not necessarily from a favorable order on reconsideration. An ALJ (and the board), claimant contends, can determine the reasonableness of the claim closure for purposes of a penalty under ORS 656.268(5)(f) without a direct appeal from a favorable order on reconsideration.

Claimant's arguments on judicial review present a question of statutory construction that we address under the template of *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), considering first the statutory text in context. For reasons slightly different from those on which the ALJ and the board relied, we explain why we disagree with claimant's construction of ORS 656.268(5)(f).

Focusing on the text of the relevant statutes, Oregon law requires that workers' compensation disability claims be processed to closure by a notice of closure. ORS 656.268(5). The notice of closure informs the worker of permanent impairment, the duration of disability benefits, and the date that aggravation rights will expire. ORS 656.268(5)(c).

If the claimant is not satisfied with the notice of closure and seeks to challenge it, the claimant must request

reconsideration with the ARU. ORS 656.268(5)(e) (providing in part, "[i]f a worker, a worker's beneficiary, an insurer or a self-insured employer objects to the notice of closure, the objecting party first must request reconsideration by the director under this section"). The ARU then issues an order on reconsideration that either affirms, modifies, or rescinds the insurer's notice of closure. The ARU thus makes the first determination as to the correctness of the notice of closure.

But the ARU does not have authority to award a penalty for an incorrect notice of closure that was unreasonable; that authority lies with the board under ORS 656.268(5)(f). *See, e.g.*, *Precision Castparts Corp - PCC Structurals v. Cramer*, 320 Or App 324, 328, 514 P3d 514 (2022) (board affirming an ALJ's penalty assessment pursuant to ORS 656.268(5)(f)). As noted above, ORS 656.268(5)(f) provides for such a penalty only if the correctness of the notice of closure is "at issue" in a hearing, and a finding is made that the notice of closure was unreasonable. *Cayton*, 232 Or App at 460. It is true, as claimant contends, that an ALJ determines, independent of the ARU's determination, whether the notice of closure was unreasonable. But ORS 656.268(5)(f) does not only require a determination of reasonableness; the *correctness of the notice of closure* must also be "at issue" before the ALJ. A matter is "at issue" if it is "presented for determination."[4] The statutes do not state so explicitly, but when the ARU has issued an order relating to the correctness of the notice of closure, in order to place the correctness of the notice of closure at issue in the hearing, a party must challenge the ARU's determination. When the ARU's order is favorable to the claimant, the statute places on a claimant who seeks a penalty the unusual requirement to challenge the favorable order.

---

[4] To determine a word's meaning, we often consult dictionaries contemporaneous with the enactment of the statutory provision we are analyzing. *See e.g.*, *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296 n 7, 337 P3d 768 (2014).

As relevant here, *Merriam-Webster's New International Dictionary* 1319 (2nd ed 1961) (defining "issue" as: "In pleading, a single material point of law or fact depending in the suit, which, being affirmed on the one side and denied on the other, is presented for determination."). The phrase "at issue" is defined as "[w]henever the parties come to a point in the pleadings which is affirmed on one side and denied on the other, they are said to be at an issue." *Black's Law Dictionary* 159 (4th ed 1951).

According to claimant, the penalty provided by ORS 656.268(5)(f) predates the adoption of the reconsideration process, when the board's hearings division made the initial determination as to the correctness of a notice of closure. But the legislature did not amend ORS 656.268 to allow the ARU to assess a penalty or to reflect, as claimant would construe it, that the penalty is available at a hearing even if the correctness of the notice of closure is not at issue before the ALJ.[5] We will not assume that the legislature's failure to do so was an oversight. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted ∗∗∗."). Even when the ARU has made a determination favorable to the claimant as to the correctness of a notice of closure, the statute's unambiguous text requires that, in order to be entitled to a penalty, the claimant must place the correctness of the notice of closure at issue. Here, claimant did not challenge the ARU's determination that the claim was prematurely closed. Thus, he did not place the correctness of the notice of closure at issue at the hearing. For that reason, the board did not err in concluding that there is no basis for assessment of a penalty under ORS 656.268(5)(f).

Affirmed.

---

[5] As concurring Board Member Ousey explained, the legislature amended the subsection that is now ORS 656.268(5)(f) in 1979 and 1987, to "allow the assessment of a penalty for an unreasonable closure." *John Calvi*, 76 Van Natta at 688. Then, as explained by the board, in 1990, the legislature amended the statute and "created the mandatory reconsideration process for challenging a Notice of Closure." *Id.* (citing Or Laws 1990, ch 2, § 16(3)). In the 1990 amendments, ORS 656.268 "was *not* amended to allow the Director to also assess a penalty for an unreasonable closure during the reconsideration process." *Id.* (emphasis added). Rather, the statute continued to require that "a penalty could be awarded only if the correctness of a Notice of Closure was at issue and a finding of unreasonableness was made in a *hearing*." *Id.* at 688-89 (emphasis in original). And, "[b]ecause the reconsideration process does not constitute a hearing, the statutory requirements for a penalty award cannot be met at the time of the reconsideration proceeding." *Id.* at 689.

The concurrence stated:

"Because the purpose of the ORS 656.263(5)(f) penalty provision was to allow claimants to seek penalties for unreasonable closures and deter carriers from abusing the closure process, I find that the additional burden placed on claimants seeking such a penalty frustrates the purpose of the statute."

*Id.* The concurrence reasoned, in essence, that the required construction of the statute frustrates the legislative intent.