Argued and submitted April 15, reversed and remanded August 24, 1981

In the Matter of the Compensation of
Anthony Landriscina, Claimant.

LANDRISCINA,
*Petitioner,*

*v.*

RAYGO-WAGNER et al,
*Respondents.*

(No. 79-1775, CA 19195)

632 P2d 1281

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Margaret H. Leek Leiberan, Portland, argued the cause for respondents. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant appeals an order of the Workers' Compensation Board determining that he had waived his right to contest a determination order by accepting a lump sum payment of the award. ORS 656.304. Claimant also contends that if he has not waived his right to contest the award, he is entitled to permanent total disability benefits. The referee determined there was no waiver and that claimant was permanently and totally disabled. The Board reversed the referee's order regarding waiver and did not discuss the merits of claimant's disability claim. We reverse and remand.

Claimant is presently 60 years old. He was born on the Isle of Rhodes and lived in Italy until 1962, when he immigrated to the United States. He had some formal education beyond the high school level in Italy, but the extent of that education is difficult to discern. He apparently speaks English quite well and has an elementary ability to read and write English.

Claimant sustained a compensable injury to his back on April 17, 1975, while employed by Raygo-Wagner, which was insured by United Pacific Insurance Company (United Pacific). He received medical treatment, including surgery, and ultimately a determination order was issued on November 3, 1978, awarding him 35 percent unscheduled disability. Immediately after receiving the determination order, claimant called William Slater, a disability determination specialist for the Evaluation Division of the Workers' Compensation Department. Claimant told Slater he disagreed with the award and that current medical reports showed he was permanently disabled. Slater informed claimant that he did not have the current medical reports and that if claimant sent in the reports his claim would be reevaluated. Claimant's doctors submitted several additional medical reports to the Evaluation Division, and the Division began the process of reconsideration.

United Pacific, upon receiving the determination order, mailed the first monthly check for the award to claimant early in November, 1978. Claimant called the claims manager for United Pacific on November 13, 1978, and indicated that he disagreed with the award and did not

want to accept the monthly checks. The claims manager informed him that by accepting and cashing the monthly checks he did not waive his right to contest the award.[1] There was no discussion regarding a lump sum payment.

On November 21, 1978, claimant called United Pacific and requested forms in order to obtain a lump sum payment of his award. There was no discussion regarding the effect of accepting a lump sum payment. Claimant completed the forms with the assistance of his ex-wife and returned them to United Pacific on November 27, 1978. The application form contained the following statement in the same size type as the balance of the form:

> "I further understand that I will have waived my right to a hearing on this award by applying for and accepting an advance lump sum payment. * * *."[2]

United Pacific submitted the forms to the Compliance Division of the Workers' Compensation Department for approval pursuant to ORS 656.230.

Jean Howard, Claims Examiner for the Compliance Division, received claimant's application for lump sum payment and found it inadequate. On December 1, 1978, she wrote to claimant requesting additional information regarding the reasons for the request. Claimant responded in a letter of December 7, 1978, that he wanted the money to pay off his mortgage.

Howard had gone on vacation prior to the time claimant's response was received in the Compliance Division. Her supervisor, Wanda Meithof, reviewed the file and approved the application. Meithof testified that she assumed Howard had completed investigation of the application and that she was not aware at the time that the

---

[1] Two other individuals, including a member of then Congressman Duncan's staff, called United Pacific on claimant's behalf and were given the same information.

[2] This warning was required by Department regulation. The regulation was subsequently amended to require the following language to be prominently displayed in bold face type:

> "I UNDERSTAND THAT BY APPLYING FOR AND ACCEPTING A LUMP SUM PAYMENT OF MY PERMANENT PARTIAL DISABILITY AWARD, I WAIVE THE RIGHT TO APPEAL THE ADEQUACY OF THE AWARD." OAR 436-54-250.

Evaluation Division was in the process of reconsidering the initial determination. She stated that if she had had that information, she would not have approved the lump sum payment because it would have been contrary to Department regulations. The approved request was transmitted to United Pacific on December 19, 1978, and a check for the total amount of the award was sent to claimant the next day. He deposited the check in his bank account.

Shortly after depositing the check, claimant became aware that acceptance of the lump sum award assertedly prevented him from contesting the determination order. On December 26, 1978, he called the claims manager for United Pacific and told him he had been deceived by United Pacific regarding his right to dispute the award and would return the lump sum payment. The following day he went to the United Pacific claims office and gave the claims manager his personal check for the amount of the lump sum payment. That check was returned to claimant the next day.

On January 10, 1979, claimant was informed by the Evaluation Division that because he had accepted the lump sum payment, the original award could no longer be reevaluated. He requested a hearing and again tendered the amount of the lump sum award.

The issue in this case is the application of ORS 656.304 to the facts of the case. That statute provides:

"A claimant may accept and cash any check given in payment of any award or compensation without affecting his right to a hearing, except that the right of hearing on any award shall be waived by acceptance of a lump sum award by a claimant where such lump sum award was granted on his own application under ORS 656.230. * * *"

ORS 656.230 states:

"(1) Where a worker has been awarded compensation for permanent partial disability, and the award has become final by operation of law or waiver of the right to appeal its adequacy, the director may, in the director's discretion, upon the worker's application order all or any part of the remaining unpaid award to be paid to him in a lump sum. Any remaining balance shall be paid pursuant to ORS 656.216.

"* * * * *"

The Director of the Workers' Compensation Department is given discretion to approve or disapprove an application for lump sum payment of an award. In carrying out this function, the Department has promulgated rules setting forth guidelines and criteria regarding the exercise of discretion. OAR 436-53-005, which was in effect at the time claimant submitted his application, provided:

"(1) A worker who has been awarded permanent partial disability compensation may apply to the Compliance Division for an order directing the paying agency to pay all or part of his remaining unpaid award to him in a lump sum, if the worker was injured after October 4, 1973. The applicant shall state the part of the award that he wishes to be paid in a lump sum and the reasons for his request. The Compliance Division shall not process or approve an application, in those cases where the award is not final by operation of law, unless it receives from the claimant a statement clearly indicating he understands that he waives his right to appeal the adequacy of his award by accepting the lump sum payment of all or part of the award.

"(2) The Compliance Division shall make an investigation of the circumstances of the worker and the reasons given for the application. If adequate reasons exist for the request, the Division shall approve an application when it appears to the Division in a particular case that a payment of all or part of the award in a lump sum:

"(a) Is an appropriate means of carrying out the general purpose of the Workmen's Compensation Law to foster the ability of the injured worker to adjust to his new status as a permanently partially disabled worker; or

"(b) Would not jeopardize the future care and support of the worker and his dependents or be likely to cast their future care and support on the citizens of this state."[3]

■ Waiver, as that term is used in ORS 656.304, is not defined other than that a lump sum payment given pursuant to ORS 656.230, and accepted by the worker, constitutes a waiver of a right to a hearing on the amount of the award. Waiver has been traditionally defined as an intentional relinquishment of a known right. We conclude that

---

[3] This regulation was amended on January 11, 1980. Because the amendment occurred subsequent to the approval of claimant's application, we apply the regulation in effect at the time the application was processed. The amendment did not change the substance of the previous regulation quoted above.

the same analysis should apply in the context of an asserted waiver under ORS 656.304. The right to contest the amount of compensation for a compensable injury is a valuable right. The right is valuable, not only to the worker, but also to the public which may be required to support a worker and his dependents if proper compensation is not provided. Compensation for industrial injury is determined pursuant to a comprehensive statutory scheme that seeks to spread the results of industrial injury over a broad base. Compensation is not simply determined in a private adversary process between the worker and the employer. In keeping with the public policy fostered by the Workers' Compensation Act, the rights of a worker and the public to adequate compensation for injury once compensability is determined ought to be jealously guarded. When a timely application to set aside a lump sum payment and the attendant waiver of hearing is made, a factual issue arises as to whether the worker intentionally and knowingly waived the right to contest the award.

■ The employer and its carrier argue that claimant was fully informed of the consequences of accepting a lump sum payment by the warning paragraph on the application form. The written warning is one factor to be considered in determining if claimant intentionally relinquished his right to contest the amount of compensation awarded. There are other factors present in this case that militate against a finding that there was a knowing waiver.

■ After receiving the determination order, claimant immediately informed the Evaluation Division and United Pacific that he disagreed with the award and considered himself permanently and totally disabled. He requested reconsideration of the award and submitted additional medical evidence to support his request. ORS 656.268(4). The Evaluation Division commenced reevaluation of the award. Claimant consistently and steadfastly maintained that he wished to contest the amount of compensation awarded and submitted additional medical reports even after he had applied for a lump sum payment. This clearly indicates he did not consider that receipt of the lump sum payment would prevent the reconsideration he had requested.

■   When claimant received the first monthly payment of the award, he and two other individuals called United Pacific to express concern that the award was inadequate and that cashing the checks would deny him the right to contest the award. The callers were correctly informed that cashing the *monthly* checks would not waive that right. It is doubtful claimant made the distinction between monthly payments and a lump sum payment in terms of a waiver of his right to a hearing. Despite the written warning on the application, we find that claimant did not knowingly and intentionally waive his right to a hearing on the extent of his disability.

■ ■   There is an additional basis for setting aside the lump sum payment and attendant waiver. As noted, ORS 656.230 and the implementing rule require the Department to investigate an application for lump sum payment and determine if approval will carry out the purposes of the Workers' Compensation Act and will not jeopardize the future support of the worker and his dependents. It is clear that the Compliance Division carried out an incomplete investigation. At the time the application was approved, the Compliance Division was unaware that the Evaluation Division was in the process of reconsidering the award under ORS 656.268(4). The application was approved under a mistaken belief that the determination award process was completed. The supervisor of the Compliance Division testified that, had this fact been known, the lump sum payment would not have been approved. There was a material mistake of fact which led to an erroneous approval of the application. We are not authorized to substitute our judgment for the discretionary judgment of the Director pursuant to ORS 656.304. However, in reviewing the order of the Board, we can determine if the Director's discretion was exercised pursuant to the statute and regulations. The Department has admitted it did not follow its regulations in approving the application. In that circumstance, the decision to approve the application, admittedly erroneous, should be set aside.

Because the Board concluded claimant had waived his right to a hearing, it did not discuss the merits of claimant's disability claim. We conclude that the Board should have an opportunity in the first instance to review

the portion of the referee's order finding that claimant is entitled to permanent total disability benefits. Accordingly, we reverse the order of the Board and remand for a determination by the Board of the extent of claimant's disability.

Reversed and remanded.