In the Matter of the Compensation of
Harlie B. Gilliam, Claimant.
## VIKING INDUSTRIES
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Harlie B. GILLIAM,
*Respondent.*

(90-11937; CA A73511)

846 P2d 1207

Joanne Williams Mills, Portland, argued the cause for petitioners. With her on the brief were David Jay Lefkowitz and Schwabe, Williamson & Wyatt, Portland.

Merrill Schneider, Portland, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

## ROSSMAN, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that it wrongfully refused to pay claimant benefits for temporary total disability.

Claimant had a compensable left wrist injury. He lost no time from work until he sought medical treatment from Dr. McCaffey on August 14, 1989. McCaffey released claimant to modified work that same day, and claimant returned to modified work for employer on August 15. Claimant had been at work for a short time when he was asked by employer to submit to a drug test. Employer informed claimant that his failure to take the test would be treated as a "voluntary quit." Claimant did not take the test.

The Board found that claimant had returned to modified work and that he quit by refusing to take the drug test.[1] Those findings are supported by substantial evidence. The Board held that employer wrongfully failed to begin payment of benefits for temporary total disability, because it had not given him a written offer of employment, as required by ORS 656.268(3)(c). The parties agree that subsection (3) is applicable. That subsection provides:

"Temporary total disability benefits shall continue until whichever of the following events occurs first:

"(a) The worker returns to regular or modified employment;

"(b) The attending physician gives the worker a written release to return to regular employment; or

"(c) The attending physician gives the worker a written release to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment."

The three paragraphs are stated in the disjunctive. Any one of them provides an adequate basis for terminating benefits. Claimant returned to modified work; accordingly, employer was entitled to terminate benefits for temporary disability under ORS 656.268(3)(a), and was not required to make a written offer of employment.

Reversed.

---

[1] We are not called upon to review the Board's legal determination that, by refusing to take the drug test, claimant voluntarily quit.