Argued and submitted May 5, 2021, affirmed February 16, 2022

In the Matter of Marvin A. McGuire,
Claimant.

Marvin A. McGUIRE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Oregon State Hospital - Safety Office,
*Respondents.*

Workers' Compensation Board
1702195; A171885

507 P3d 317

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) upholding an award of insurer-paid attorney fees by an administrative law judge (ALJ) in an amount less than claimant's attorney requested based on documentation submitted after the hearing record closed. Claimant seeks additional fees, contending that the board erred in affirming the ALJ's exercise of discretion in declining to reopen the hearing record to consider documentation of his attorney's services submitted after the hearing record closed. Claimant also contends that the board erred in declining to consider the documentation in the board's own review of the ALJ's award of fees, based on the board's administrative rule, OAR 438-015-0029. *Held*: The board did not err in determining that the ALJ did not abuse her discretion in declining to reopen the hearing record to consider documentation in support of an attorney fee request submitted after the hearing record closed. The board also did not err in declining to hold that it was required to consider the post-closure documentation. The board based its conclusion on a plausible interpretation of OAR 438-015-0029, to which the court deferred.

Affirmed.

Charles Robinowitz argued the cause and filed the briefs for petitioner.

Kimberly K. Shubin argued the cause for respondents. On the brief was David L. Runner.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.*

DeVORE, S. J.

Affirmed.

_____
* Lagesen, C. J., *vice* DeHoog, J. pro tempore.

**DeVORE, S. J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) upholding an award of insurer-paid attorney fees by an administrative law judge (ALJ) that was less than the amount claimant's attorney requested based on documentation submitted after the hearing record closed. Claimant seeks additional fees, contending that the board erred in affirming the ALJ's order declining to reopen the hearing record to consider the documentation of his attorney's services submitted after the hearing record closed, and in declining to consider the documentation in the board's own review of the ALJ's award of fees. The facts are largely undisputed. On review of the board's order for substantial evidence and errors of law, ORS 656.298; ORS 183.482(7), (8), we conclude that the board did not err and therefore affirm.

After a hearing, claimant prevailed over a portion of SAIF's denial of his hand-injury claim, so claimant was entitled to an insurer-paid attorney fee under ORS 656.386(1)[1] and OAR 438-015-0035.[2] Claimant's attorney had requested attorney fees in his request for hearing, but he had not proposed a specific dollar amount or, while the hearing record was open, provided documentation of the time expended. The ALJ's order awarded claimant fees of $8,000 to be paid by the insurer.

Claimant's attorney believed that the award was insufficient. He filed a "Motion for Additional Attorney Fees and Costs," along with a declaration and exhibits documenting the time spent and the attorney's hourly rate. He requested an award of $36,050. SAIF objected to the

---

[1] ORS 656.386(1)(a) provides, in part:

"In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee."

[2] OAR 438-015-0035 provides:

"If the Administrative Law Judge orders the acceptance of a previously denied claim, the Administrative Law Judge shall award a reasonable assessed fee."

reopening of the record to allow consideration of the declaration and accompanying exhibits.

The ALJ reconsidered the award but declined claimant's request to reopen the record to consider the declaration and accompanying exhibits. The ALJ described the long-established practice of the board's Hearing Division to award attorney fees in the order on the merits, *see Greenslitt v. City of Lake Oswego*, 305 Or 530, 534, 754 P2d 570 (1988) (noting practice), the board's requirement that the evidentiary record for an award of attorney fees be made on the hearing record, and the board's rule that requests made after the hearing record is closed will not be considered. *See*, *e.g.*, *Daniel L. Demarco*, 65 Van Natta 1837, 1847 (2013). The ALJ reasoned that her authority to reopen the record for consideration of the additional materials is discretionary under OAR 438-007-0025. The ALJ found that claimant had failed to establish that the declaration and accompanying exhibits could not have been submitted before the hearing record closed. For those reasons, she declined to exercise her discretion to reopen the record and declined to consider the new material. Nonetheless, the ALJ did reconsider the fee award under the criteria of OAR 438-015-0010,[3] without the additional material, and adhered to the award of $8,000.

---

[3] OAR 438-015-0010(4) provides, in part:

"In any case where an Administrative Law Judge or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case for legal services;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The necessity of allowing the broadest access to attorneys by injured workers;

"(h) The fees earned by attorneys representing the insurer/self-insured employer, as compiled in the Director's annual report under ORS 656.388(7) of attorney salaries and other costs of legal services incurred by insurers/self-insured employers pursuant to ORS Chapter 656;

"(i) The risk in a particular case that an attorney's efforts may go uncompensated;

"(j) The contingent nature of the practice of workers' compensation law;

SAIF appealed the ALJ's order to the board, challenging the determination of compensability. Claimant also appealed, challenging the partial rejection of the claim and cross-assigning error to the ALJ's award of attorney fees, contending that the ALJ had abused her discretion in declining to consider the submitted declaration and accompanying exhibits. Claimant resubmitted those materials to the board and requested that the board consider them in reviewing the ALJ's fee award, citing OAR 438-015-0029, which provides, in part:

"(1)   On Board review of an Administrative Law Judge's order, to assist the Board in determining the amount of a reasonable assessed fee for services at the hearing level and/or for services on Board review, a claimant's attorney may file a request for a specific fee, which the attorney believes to be reasonable.

"(2)   The request shall be considered by the Board if:

"(a)   The request is filed no later than 14 days from the date of filing of the last appellate brief under OAR 438-011-0020[.]"

As required by OAR 438-015-0029, claimant filed his request within 14 days from the date of filing of the last appellate brief.

The board affirmed the ALJ's determination of compensability as well as the award of attorney fees and adopted the ALJ's order with supplementation. Like the ALJ, the board was not persuaded that the proposed evidence could not have been submitted with due diligence before the hearing. Thus, the board concluded, the ALJ had not abused her discretion in declining to reopen the record to consider the declaration and exhibits.

Then, citing its own order in *Daniel L. Demarco*, 65 Van Natta at 1847, the board explained that, although it would review claimant's declaration and associated materials in considering *its own* award of attorney fees for

---

"(k)   The assertion of frivolous issues or defenses; and

"(l)   Claimant's counsel's contingent hourly rate, if asserted, together with any information used to establish the basis upon which the rate was calculated."

claimant's attorney's services before the board under OAR 438-015-0029, it would not consider the materials in evaluating the ALJ's award. The board explained that, as it interprets OAR 438-015-0029, the rule is directed to requests for fees for services before the ALJ and the board when a claimant *first* prevails before the board or succeeds in defending compensability against an employer's appeal to the board,[4] and that the rule does not govern the board's review of an award made by an ALJ. The board reasoned that, although it would consider claimant's challenge to the ALJ's award of attorney fees, it would not be pursuant to OAR 438-015-0029, and that OAR 438-015-0029 does not require that it consider in that review declarations and exhibits that were not made a part of the hearing record.[5] The board then

---

[4] The board noted that the rule's enactment history shows that the rule was intended to address attorney fee awards made at the board level when a claimant first prevails before the board.

[5] Citing its order in *Daniel L. DeMarco*, the board explained:

"OAR 438-015-0029(1) allows a claimant's attorney to file with the Board a request for a specific fee for services at hearing. However, as we explained in our Order of Adoption, that rule was intended to address the need for information to determine a reasonable attorney fee awardable at the Board level, '[e]ither in awarding a reasonable attorney fee under ORS 656.386(1) for services at both the Hearings and Board level for finally prevailing on Board review or in awarding a reasonable attorney fee under ORS 656.382(2) for services on Board review for successfully defending a Referee's order awarding compensation.' WCB Admin. Order 1-1992, eff. April 6, 1992, Order of Adoption, page 2. We further noted that such a need was not apparent at the Hearings Division, where, 'In those cases where a claimant's attorney wishes to submit additional information or the Referee desires further input for assistance in determining the amount of a reasonable carrier-paid fee, such information is being provided on an informal basis.' *Id*.

"Thus, the purpose of OAR 438-015-0029 is to allow a claimant's attorney to assist the Board to determine a reasonable assessed fee under ORS 656.386(1), for services at both hearing and Board review for finally prevailing on Board review, or under ORS 656.382(2), for services on Board review for successfully defending an ALJ's order. It is not designed to allow the parties to submit additional information on review that was not previously presented at the hearing level, where the ALJ found the claim compensable and awarded a reasonable attorney fee award based on the record developed at the hearing level.

"To consider information submitted under OAR 438-015-0029 for the first time on Board review of an ALJ's attorney fee award would be to base our review of an ALJ's attorney fee determination on information that was not available for consideration by the ALJ. We interpret our rule in a manner that encourages parties to submit 'attorney fee-related' information at the earlier stage of the process, where the ALJ may consider it, after finding a claim compensable, in determining a reasonable attorney fee award."

reviewed the ALJ's attorney fee award, but it limited its review to the record made at the hearing, and upheld the award of $8,000.

On judicial review, claimant contends that the board erred in determining that the ALJ did not abuse her discretion under OAR 438-007-0025 in declining to consider the declaration and accompanying exhibits offered after the hearing record had closed. Claimant further contends that, in declining to consider the declaration and exhibits in its review of the ALJ's award, the board misapplied OAR 438-015-0029. SAIF responds that OAR 438-015-0029 is not applicable to the board's review of an award of attorney fees by an ALJ and that the board's view that OAR 438-015-0029 does not require the board to consider the post-order declaration and accompanying exhibits in reviewing the ALJ's award is plausible and is entitled to deference.

As a preliminary matter, we note that the legislature has delegated broad authority to the board to "make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings," and "standards governing the format and timing of the evidence." ORS 656.726(5)(a). That grant of authority extends to the rules of practice and procedure that the board has articulated by order. *See Booth v. Tektronix, Inc.*, 312 Or 463, 477, 823 P2d 402 (1991) (upholding the board's authority and deferring to the board's interpretation through its orders of its own rules concerning the admissibility of evidence resulting from prehearing communication between defense counsel and the claimant's treating physician).

In interpreting the board's administrative rules, we apply the same analytical framework that we apply in the interpretation of statutes: we consider the text of the rule and its context, including other portions of the rule and related laws, and the rule's adoption history. *State v. Teixeira*, 259 Or App 184, 190, 313 P3d 351 (2013). We will defer to the board's plausible interpretation of its own rule, including an interpretation made in the course of applying the rule, if it is not inconsistent with the text of the rule,

its context, or any other source of law. *DeLeon, Inc. v. DHS*, 220 Or App 542, 548, 188 P3d 354 (2008) (citing *Don't Waste Oregon Comm. v. Energy Facility Siting Council*, 320 Or 132, 135, 881 P2d 119 (1994)).

We first address OAR 438-007-0025, which provides:

"(1)   The Administrative Law Judge may reopen the record and reconsider his or her decision before a request for review is filed or, if none is filed, before the time for requesting review expires. Reconsideration may be upon the Administrative Law Judge's own motion or upon a motion by a party showing error, omission, misconstruction of an applicable statute or the discovery of new material evidence.

"(2)   A motion to reconsider shall be served on the opposite parties by the movant and, if based on newly discovered evidence, shall state:

"(a)   The nature of the new evidence; and

"(b)   An explanation why the evidence could not reasonably have been discovered and produced at the hearing."

The board understands OAR 438-007-0025 to grant discretion to the ALJ to reopen the record, and claimant does not appear to dispute that interpretation. We agree that that interpretation is not inconsistent with the rule's text and is plausible.

As noted, the ALJ declined to reopen the record to consider claimant's attorney's declaration and the accompanying exhibits. The ALJ viewed the declaration and accompanying exhibits as "new evidence," and her primary justification for declining to reopen the record was that claimant had failed to show that the declaration and accompanying exhibits were not available before the hearing record closed. In claimant's view, the declaration and accompanying exhibits should not have been evaluated as "evidence," because claimant simply provided the materials to correct the ALJ's error in estimating the attorney's time and effort expended in overturning the denial.

The declaration and accompanying exhibits were new material that claimant asked the ALJ to consider in evaluating the attorney fee award after the record had

closed. In view of the board's practice of requiring that attorney fees be awarded in the order on the merits and its requirement that special requests for attorney fees be presented before the hearing record is closed, we cannot say that the board's characterization of the materials as "new evidence" is implausible. It is new evidence in the sense that it provides new material for the ALJ to consider in setting an award of attorney fees. We defer to the board's interpretation and conclude that the board did not err in treating the declaration and accompanying exhibits as "new evidence."

Claimant contends that, because he was not entitled to an award of attorney fees before he had finally prevailed, *see* ORS 656.386(1), he could not have presented the required documentation to the ALJ before knowing whether he had prevailed. We reject the contention. Claimant acknowledges that the submission of a fee request before the record had closed was theoretically possible. We conclude that substantial evidence supports the board's determination that claimant's attorney had not established that the fee request could not have been provided before the hearing record closed and before it was known whether claimant had finally prevailed.[6] We therefore affirm the board's determination that the ALJ did not abuse her discretion in not reopening the record to admit the declaration and accompanying exhibits.

We next address claimant's contention that the board's interpretation of OAR 438-015-0029 is implausible, because, as claimant reads the rule's text, in a challenge to an ALJ's award of fees, the board *must* consider materials submitted pursuant to OAR 438-015-0029(2)(a). The rule states that, to "assist the Board in determining the amount of a reasonable assessed fee for services at the hearing level and/or for services on Board review, a claimant's attorney may file a request for a specific fee, which the attorney believes to be reasonable," and that "the request *shall* be considered by the Board" if it is filed "no later than 14 days from the date of filing of the last appellate brief." (Emphasis added.) Having timely filed his request, claimant contends

---

[6] Claimant complains that it is impractical for an attorney to take the time to make such a request before the outcome of the hearing is known. That is a policy argument to be made to the board.

that the board was required to consider it, along with the declaration and accompanying exhibits.

As noted, the board interprets OAR 438-015-0029 to have a more limited application. In its order, the board cited the rule's Order of Adoption, which states that the rule was intended to address "the need for information to determine a reasonable attorney fee awardable at the Board level,"

> "[e]ither in awarding a reasonable attorney fee under ORS 656.386(1) for services at both the Hearings and Board level for finally prevailing on Board review or in awarding a reasonable attorney fee under ORS 656.382(2) for services on Board review for successfully defending a Referee's order awarding compensation."

In so saying, the board reasoned that the rule was adopted to address attorney fee awards made in first instance by the board, either for prevailing finally before the board or for successfully defending an employer's appeal of an ALJ's order, and that the rule does not govern the board's review of an ALJ's award. The rule's text is consistent with that interpretation. If the rule were intended to apply to *a review* of an ALJ's award of fees, it would not state that its purpose was "to assist the Board in determining the amount of a reasonable assessed fee." Additionally, when the board is reviewing an ALJ's award of a fee, presumably a request for a fee has already been made, and there would be no need for the rule's requirement to file a request for a specific fee. We conclude that the board's interpretation of the rule's purpose is consistent with the rule's text, as well as with the rule's adoption history, which explicitly describes the board's intention. Thus, we conclude that the board's understanding that OAR 438-015-0029 does not govern board review of an ALJ's award of fees is plausible, and we defer to it.

We further reject claimant's view that, in its review of the ALJ's award, the rule requires the board to consider materials that were not a part of the hearing record. The rule imposes no requirement that, in reviewing a fee award, the board must consider materials not a part of the hearing record. In short, claimant's interpretation of OAR 438-015-0029 expands upon the rule's text.

As we have noted, the board has broad authority under ORS 656.726(5)(a) to make reasonably required rules governing its practices and procedures in connection with hearings and review proceedings, including standards governing the format and timing of the evidence. Those rules may be interpreted through administrative orders. *Booth*, 312 Or at 477. The board's determination that, in reviewing an ALJ's award of attorney fees it will only consider materials that were part of the hearing record is consistent with ORS 656.295, which provides that board review is to be based on the record, ORS 656.295(3), (5), and under which the board has long held that evidence not a part of the hearing record will not be considered on board review. *Haribu R. Steward*, 45 Van Natta 2086 (1993) (holding that the board will not consider any evidence that was not previously made a part of the record).

Under its plausible interpretation of OAR 438-015-0029, the board reasoned that it would consider claimant's declaration and accompanying exhibits in addressing the fees first to be awarded by the board for prevailing before the board, but that the declaration and materials would not be considered in addressing claimant's challenge to the award by the ALJ. Additionally, the board separately considered claimant's contention that the ALJ's award was insufficient and agreed with the ALJ's determination on reconsideration that $8,000 was a reasonable attorney fee award for claimant's counsel's services at the hearing level. Claimant does not separately assign error to that determination.

Affirmed.