Argued and submitted October 25, 2022, affirmed April 26, petition for review denied September 14, 2023 (371 Or 333)

In the Matter of the Compensation of
Vern E. Giltner, Claimant.

Vern E. GILTNER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Dirt & Aggregate Interchange Inc.,
*Respondents.*

Workers' Compensation Board
2001930; A176021

529 P3d 986

Claimant seeks judicial review of an order of the Workers' Compensation Board (board), which determined that the insurer was not required to immediately make a lump sum payment of permanent partial disability benefits (PPD). *Held*: The board correctly construed ORS 656.230(1), which provides that when a worker requests a lump sum payment of PPD, the insurer shall make the payment unless an exception applies. Here, the second exception applied, because the claimant requested a lump sum payment before the award became final by operation of law, which occurred 60 days after issuance of the notice of closure. As a result, the board was not required to immediately make the payment. The statute's text, and the legislative history of the 2007 amendments to the statute, support the board's construction of ORS 656.230(1).

Affirmed.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the reply brief was Law Offices of Jodie Anne Phillips Polich, P. C.

Michelle L. Shaffer argued the cause and filed the brief for respondents.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) determining that the SAIF Corporation (SAIF) was not required to make a lump sum payment of permanent partial disability (PPD) pursuant to ORS 656.230(1).[1] That statute addresses four circumstances when an insurer is not required to make a lump sum payment. We agree with SAIF that the board correctly interpreted the statute when it concluded that, even though claimant had waived his right to appeal the adequacy of the award, SAIF was not required to make a lump sum payment until expiration of the time to appeal the notice of closure. Accordingly, we affirm.

The relevant facts are procedural. In response to claimant's workers' compensation claim, SAIF mailed a notice of closure on March 20, 2020, awarding claimant PPD in the amount of $28,602.84. The notice stated that claimant was entitled to 34 percent loss of the whole person for impairment to his hearing. The date of injury was approximately seven years earlier, on April 10, 2013.

Under ORS 656.268(5)(e), the insurer has seven days from the date of the notice of closure to request reconsideration and the worker has 60 days to do so. SAIF did not request reconsideration of the award. Instead, on March 31, 2020, SAIF issued a letter specifying the monthly payment schedule for the award and enclosing the first payment. On April 6, claimant applied for approval of a lump sum payment, and he waived his right to appeal the adequacy of the award. On April 8, SAIF denied the request, because the award had not become final by operation of law. On April 14,

---

[1] ORS 656.230 provides:

"(1) When a worker has been awarded compensation for permanent partial disability, and the worker requests payment of all or part of the award in a lump sum payment, the insurer shall make the payment requested unless the:

"(a) Worker has not waived the right to appeal the adequacy of the award;

"(b) Award has not become final by operation of law;

"(c) Payment of compensation has been stayed pending a request for hearing or review under ORS 656.313; or

"(d) Worker is enrolled and actively engaged in training according to rules adopted pursuant to ORS 656.340 and 656.726."

claimant requested a hearing on SAIF's denial of his request for a lump sum payment. SAIF made a second monthly payment around the end of April and paid the remainder of claimant's award in full on May 20, the sixty-first day after the notice of closure.

After a hearing on SAIF's denial of claimant's request for a lump sum payment, an administrative law judge (ALJ) decided in claimant's favor. Interpreting and applying ORS 656.230(1) and OAR 436-060-0060(1),[2] the ALJ determined that when claimant waived his right to appeal the adequacy of the award, and once SAIF's seven-day window to request reconsideration had expired, the notice of closure became final by operation of law. According to the ALJ, "final by operation of law" meant

> "the expiration of both parties' rights to appeal—which could be accomplished by the passage of sixty days, or the passage of seven days coupled with claimant's waiver of his right to challenge the adequacy of the award. SAIF's refusal to pay claimant's permanent disability as a lump sum until May 20, 2020, forty-four days after SAIF received claimant's request, was unreasonable."

The ALJ assessed a 25 percent penalty against SAIF and awarded claimant $4,797 in attorney fees.

SAIF appealed the ALJ's order. The board reversed. Interpreting ORS 656.230(1), the board determined that claimant's waiver of his right to appeal the adequacy of the award did not automatically render the award final by operation of law, because "SAIF could have validly rescinded its closure notice and reclosed the claim, pursuant to OAR 436-030-0023," and claimant "could still request reconsideration and allege that his claim was prematurely closed, a

---

[2] OAR 436-060-0060(1) provides, in part:

"The insurer may only deny the request for lump sum payment if any of the following apply:

"(a) The worker has not waived the right to appeal the adequacy of the award;

"(b) The award has not become final by operation of law;

"(c) The payment of compensation has been stayed pending a request for hearing or review under ORS 656.313; or

"(d) The worker is enrolled and actively engaged in an authorized training plan under OAR 436-120."

finding which could result in an order rescinding the Notice of Closure and its permanent disability award." Under those circumstances, the board determined that SAIF was not required to immediately make the lump sum payment. The board reversed the penalty and attorney fee award. Claimant now seeks our review of the board's order.

"We review the board's statutory interpretation for errors of law." *Baker v. Liberty Northwest Ins. Corp.*, 257 Or App 205, 210, 305 P3d 139, *rev den*, 354 Or 597 (2013) (citing ORS 183.482(8)(a)(B)). We attempt to discern the meaning of the statute intended by the legislature, examining the text in context and any relevant legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). When interpreting the board's administrative rules, "[w]e will defer to the board's plausible interpretation of its own rule, including an interpretation made in the course of applying the rule, if it is not inconsistent with the text of the rule, its context, or any other source of law." *McGuire v. SAIF*, 317 Or App 629, 634-35, 507 P3d 317, *rev den*, 370 Or 197 (2022).

ORS 656.230(1), the statute at issue, states that the insurer shall make a requested lump sum payment of PPD "unless" certain circumstances apply. The related administrative code provision, OAR 436-060-0060(1), provides that the insurer may deny a request for a lump sum payment of PPD "if any" of those same four conditions applies. The conditions include when the worker "has not waived the right to appeal the adequacy of the award," and when the award "has not become final by operation of law." ORS 656.230 (1)(a), (b); OAR 436-060-0060(1)(a), (b).

On review, claimant argues that the board erred in interpreting and applying ORS 656.230(1) and OAR 436-060-0060(1). He argues that when he waived his right to appeal the adequacy of the award, he "met the requirement" of ORS 656.230(1)(a). Relying on *Cayton v. Safelite Glass Corp.*, 231 Or App 644, 220 P3d 1190 (2009), claimant argues that his waiver of the right to appeal the adequacy of the award was sufficient to trigger SAIF's obligation to make a lump sum payment. SAIF argues that *Cayton* is distinguishable, because it interpreted an earlier version

of the statute, ORS 656.230(1) (2005), which was amended by Oregon Laws 2007, chapter 270, section 1. In addition, SAIF argues that it makes little sense to immediately make a lump sum payment, because waiver of a worker's right to appeal the amount of the award does not waive the worker's right to challenge other aspects of the notice of closure within 60 days.

We agree with SAIF. In *Cayton*, 231 Or App at 646, we interpreted ORS 656.230(1) (2005), which did not list exceptions to the requirement to make a lump sum payment of PPD.[3] We construed the statutory phrase "waiver of the right to appeal its adequacy," and we determined that only the claimant, not the insurer, could challenge an award's adequacy or amount. *Id.* at 649-50. As a result, "the claimant's waiver of his or her right to seek an increase in the amount awarded" was sufficient to trigger the insurer's obligation to make a lump sum payment. *Id.* at 651.

The current structure of the statute is significantly different. It provides that the insurer must make the requested lump sum payment, "unless" paragraphs (a) to (d) apply, which indicates that they state exceptions to the requirement. ORS 656.230(1); *see Canales-Robles v. Laney*, 314 Or App 413, 422, 498 P3d 343 (2021) ("By its use of the word 'unless,' the statute creates an exception to the requirement ***."). The four exceptions are stated in the disjunctive, which means that if any one of them applies, then the requirement does not. *See Viking Industries v. Gilliam*, 118 Or App 183, 185, 846 P2d 1207, *rev den*, 316 Or 529 (1993) (When statutory provisions articulating exceptions to a requirement are stated in the disjunctive, then "[a]ny one of them provides an adequate basis for" concluding that the requirement does not apply.).

---

[3] ORS 656.230(1) (2005) provided, in part:

"Where a worker has been awarded compensation for permanent partial disability, and the award has become final by operation of law or waiver of the right to appeal its adequacy, the insurer shall upon the worker's application pay all or part of the remaining unpaid award to the worker in a lump sum, unless the insurer disagrees with payment, in which case the insurer, within 14 days, will refer the matter to the Director of the Department of Consumer and Business Services to determine whether all or part of the lump sum should be paid."

The first exception to the requirement to make a lump sum payment applies when a worker has not waived the right to appeal the adequacy of the award, and the second exception applies when the award "has not become final by operation of law." ORS 656.230(1)(a), (b). "Operation of law" refers to "[t]he means by which a right or a liability is created for a party regardless of the party's actual intent." *Black's Law Dictionary* 1124 (8th ed 2004).[4] An insurer's request for reconsideration "must be made within seven days of the date of the notice of closure," and a worker's request "must be made within 60 days of the date of the notice of closure." ORS 656.268(5)(e). Thus, an award of PPD in a notice of closure generally becomes final by operation of law "60 days after its issuance." *SAIF v. Coburn*, 159 Or App 413, 415, 977 P2d 412 (1999).

Here, the award of PPD, which appeared in the notice of closure dated March 20, 2020, had not become final by operation of law on April 6, when claimant applied for approval of a lump sum payment. Considering the text of the statute in context, it supports the board's conclusion that the second exception applied, and that SAIF was not required to immediately make the lump sum payment. *See Gaines*, 346 Or at 171 (when interpreting a statute, we look first to the statute's words in context).

In arguing otherwise, claimant contends that we can rely on *Cayton*'s interpretation of the earlier version of the statute, because the legislative history of House Bill (HB) 2218 (2007), the bill that resulted in the 2007 amendments to ORS 656.230, shows that it was merely a "regulatory streamlining bill," and that its "sole purpose" was to eliminate the director of the Workers' Compensation Division from the lump sum approval process. Therefore, according to claimant, the intent of the statute remained the same despite its restructuring. Claimant relies on the testimony of John Shilts, a former director of the Workers' Compensation Division, from the first public hearing on the bill.

---

[4] The phrase "by operation of law" is not defined in ORS 656.005, the statute that provides definitions that govern the Workers' Compensation Law. Nor is it defined in *Webster's Third New Int'l Dictionary* (unabridged ed 2002).

We are not persuaded by claimant's argument. Considering Shilts' testimony as a whole, it actually provides support for the board's conclusion that SAIF was not required to immediately make the lump sum payment. Shilts testified that the bill "consolidates into one section of the statute the law *** identifying those four times when an insurer can deny a lump sum permanent partial disability award and it removes the director from the *** process of automatically reviewing all denied lump sum payments." Tape Recording, House Committee on Business & Labor, HB 2218, Jan 26, 2007, Tape 10, Side A (statement of John Shilts). At a later public hearing, Shilts stated that the insurer can deny the lump sum payment "for any of four reasons allowed by the statute." Audio Recording, Senate Committee on Commerce, HB 2218, May 7, 2007, at 0:12:30 (comments of John Shilts), https://olis.oregonlegislature.gov (accessed Apr 9, 2023). Thus, Shilts' testimony supports the plain meaning of ORS 656.230(1), which indicates that if any one of the four exceptions apply, then the insurer is not required to make a lump sum payment. Here, SAIF was not required to immediately make a lump sum payment on April 6, 2020, because the award of PPD had not become final by operation of law.

In this case, the ALJ ruled in claimant's favor based on the ALJ's flawed understanding that the award became "final by operation of law" when the claimant waived his right to appeal the adequacy of the award "coupled with" the expiration of the insurer's right to request reconsideration, which occurred seven days after the date of the notice of closure. However, a worker can challenge the notice of closure in ways other than by appealing the adequacy or amount of the award. For example, a worker can object to a notice of closure by arguing that "the notice of closure was premature and should be rescinded." *Duffour v. Portland Community College*, 283 Or App 680, 682, 389 P3d 1162 (2017). Because a worker can do so, it makes sense to conclude that an award of PPD is not final by operation of law until 60 days after the notice of closure, even when the worker waives the right to appeal the adequacy of the award.

"As a general rule, we assume that the legislature did not intend any portion of a statute to be meaningless

surplusage." *Cayton*, 231 Or App at 650. Claimant also argues that if ORS 656.230(1)(a) does not apply when a worker waives the right to appeal the adequacy of the award, and after the insurer's seven-day window to seek reconsideration expires, then it never applies, and it is rendered "meaningless surplusage."

We conclude otherwise. In *Landriscina v. Raygo-Wagner*, 53 Or App 558, 563-65, 632 P2d 1281 (1981), when interpreting ORS 656.304,[5] we determined that a worker who requested and received a lump sum payment of an award did not knowingly waive his right to seek reconsideration of the award. We arrived at that conclusion even though the worker's application form contained a warning about the waiver consequences of accepting a lump sum payment. *Id.* at 561. Although those circumstances are not likely to be common, *Landriscina* suggests that there can be instances when a worker requests a lump sum payment of PPD but does not waive the right to appeal the adequacy of the award. ORS 656.230(1)(a) addresses those circumstances. As a result, even if the exceptions in paragraphs (a) and (b) overlap, the first exception is not meaningless surplusage.[6] We affirm the board's order reversing the ALJ's order.

Affirmed.

---

[5] ORS 656.304 provides, in part, that "[a] claimant may accept and cash any check given in payment of any award or compensation without affecting the right to a hearing, except that the right of hearing on any award shall be waived by acceptance of a lump sum award by a claimant where such lump sum award was granted as a result of the claimant's own request under ORS 656.230."

[6] Claimant complains that there could never be "a situation where the worker's waiver of the adequacy of the award would allow them to receive a lump sum payment" before expiration of the 60 days, but that result is simply a function of the fact that ORS 656.230(1) articulates *exceptions* to the requirement to make a lump sum payment. It is also consistent with OAR 436-060-0060(1), which articulates four circumstances when an insurer can deny a request for a lump sum payment.